J-S42045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                  :            PENNSYLVANIA
                                                  :

            v.                                   :
                                                :
                                                :

VICTOR A. ORTIZ                       :
                                                :

            Appellant                :    No. 159 MDA 2025

Appeal from the PCRA Order Entered January 14, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003306-2019

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:         **FILED: JANUARY 21, 2026**

      Victor A. Ortiz ("Ortiz") appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

      The underlying facts and procedural history of this matter are well known to the parties.  **See** PCRA Court Opinion, 3/4/25, at 1-2, 4-5.  Briefly, in the early morning hours on March 9, 2018, officers from the Reading Police Department received a call for shots fired into a home from a black Toyota Prius.  Approximately five minutes after the initial report, Police Officer Yisleidy Minaya ("Officer Minaya") observed a vehicle matching that description and initiated a traffic stop.  As she approached, Officer Minaya saw two occupants in the front seats, with Ortiz seated alone in the rear passenger seat.  Officer Minaya detected an odor of marijuana and alcohol coming from the vehicle.

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

Officer James Gresh ("Officer Gresh") arrived at the scene to assist Officer Minaya. The officers then directed all occupants, including Ortiz, to exit the vehicle and conducted a search of their persons. The officers found marijuana in the pocket of the front seat passenger. During a subsequent search of the vehicle, officers recovered a black Taurus handgun from the trunk area directly behind the seat where Ortiz had been sitting. Officer Minaya described the vehicle as a hatchback with no cover separating the rear seat from the hatch area. Officer Gresh further described the trunk as open and easily accessible from the rear passenger seat. Officers found no other firearms on the occupants or in the vehicle. Ballistic markings on the shell casings recovered at the scene matched the firearm found in the vehicle. The Commonwealth therefore charged Ortiz with, *inter alia*, firearms not to be carried without a license, discharge of a firearm into an occupied structure, and recklessly endangering another person ("REAP").

On August 22, 2019, Ortiz's trial counsel, Peter Maynard, Esquire ("Trial Counsel"), filed an omnibus pretrial motion seeking, *inter alia*, suppression of the evidence police obtained during the warrantless search of the vehicle. In relevant part, Ortiz argued that after stopping the vehicle, police handcuffed all occupants, including Ortiz, and seated them on a curb before conducting the warrantless search of the vehicle "without probable cause, without permission and in the absence of any exigent circumstances." Omnibus Pre-Trial Motion for Relief, 8/22/19, at ¶ 36. On September 11, 2019, the

suppression court conducted a hearing on Ortiz's motion. On December 16, 2019, the suppression court denied Ortiz's motion to suppress, finding that there was sufficient probable cause to conduct a warrantless search of the vehicle.

Notably, at the time of Ortiz's suppression motion and hearing, the warrantless search of the vehicle was subject to our Supreme Court's plurality ruling in **Commonwealth v. Gary**, 91 A.3d 102 (Pa. 2014) (plurality opinion announcing judgment of court), which held that the search and seizure provision of Article I, Section 8 of the Pennsylvania Constitution provided no greater protection than did the Fourth Amendment to the United States Constitution with regard to warrantless searches of automobiles. **See id**. at 125. The **Gary** plurality concluded that probable cause alone justified a warrantless vehicle search, without any additional requirement for exigent circumstances. **See id**. at 138. Here, the suppression court, citing **Gary**, also rejected Ortiz's argument that additional exigent circumstances were required.

However, on December 20, 2020, approximately one year after the suppression ruling, and before Ortiz's trial, our Supreme Court issued its ruling in **Commonwealth v. Alexander**, 243 A.3d 177 (Pa. 2020), which overruled its decision in **Gary**. In **Alexander**, our Supreme Court concluded that the Pennsylvania Constitution affords greater protection to our citizens than the Fourth Amendment to the United States Constitution. **See id**. at 207-08. Our

Supreme Court thereby reinstated the pre-**Gary** line of cases that required police to have both probable cause and exigent circumstances before conducting a warrantless search of an automobile. **See id**. at 181, 201, 207-09. Our Supreme Court instructed that courts "will have to decide, just as they did pre-**Gary**, whether exigent circumstances justified warrantless searches in discrete scenarios, with a focus on the particular facts." **Id**. at 208.

More than a year after the **Alexander** decision, this case proceeded to a jury trial. On March 15, 2022, the jury convicted Ortiz of firearms not to be carried without a license, discharge of a firearm into an occupied structure, and REAP.[2] On March 17, 2022, the court imposed an aggregate sentence of fifty-two months to one hundred thirty-two months' incarceration, followed by a period of twenty-four months' probation. Ortiz did not file any post-sentence motions but filed a notice of appeal.

On direct appeal, Ortiz raised three issues, challenging the sufficiency of the evidence. Ortiz did not challenge the suppression court's pretrial denial of his suppression motion regarding the warrantless search of the vehicle. This Court affirmed Ortiz's judgment of sentence and our Supreme Court denied further review on September 22, 2023. **See Commonwealth v.**

---

[2] The Commonwealth also charged Ortiz with conspiracy to commit the following offenses: firearms not to be carried without a license, discharge of a firearm into an occupied structure, and REAP. The jury acquitted Ortiz of the conspiracy charges.

*Ortiz*, 293 A.3d 632 (Pa. Super. 2023) (unpublished memorandum), *appeal denied*, 304 A.3d 713 (Pa. 2023).

On February 7, 2024, Ortiz filed a timely *pro se* PCRA petition,[3] his first. The PCRA court appointed present counsel, Douglas Waltman, Esquire ("PCRA Counsel"). On August 7, 2024, PCRA Counsel filed an amended PCRA petition alleging that Trial Counsel was ineffective for failing to preserve the suppression issue for appellate review, where **Alexander**, not **Gary**, controlled Ortiz's case at the time of his direct appeal. PCRA Counsel argued that Ortiz "likely would have prevailed on the suppression issue had it been reviewed by [this Court.]" Amended Petition for Post Conviction Collateral Relief, 8/7/24, at 3.

On January 7, 2025, the PCRA court conducted an evidentiary hearing on Ortiz's PCRA petition. At the hearing, PCRA Counsel further argued that there were no exigent circumstances to justify a warrantless search. The Commonwealth presented the testimony of Officer Gresh, who participated in

---

[3] Ortiz had ninety days in which to file a petition for *certiorari* in the United States Supreme Court. **See** U.S. Sup. Ct. R. 13. As Ortiz did not do so, his judgment of sentence became final upon the expiration of time for seeking such review, on December 21, 2023. **See** 42 Pa.C.S.A. § 9545(b)(3) (providing that a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the United State Supreme Court, or upon the expiration of time for seeking such review). Ortiz had one year from that date, or until December 23, 2024, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1) (providing that any petition shall be filed within one year of the date the judgment becomes final). Thus, Ortiz's petition, filed on February 7, 2024, was timely.

the vehicle stop. Consistent with his trial testimony, Officer Gresh testified to the following. When he arrived on scene, Officer Minaya informed him that she had observed a baggie of marijuana in the pocket of the front passenger. The two officers removed all three occupants from the vehicle and conducted pat-down searches. Other than the marijuana recovered from the front passenger, the officers found no additional contraband.

Officer Gresh testified that had there been no shots-fired report, the officers would have released the occupants, after issuing a summons to the front passenger for the marijuana. However, based on the recent report of gunfire and the vehicle's matching description, Officer Gresh believed the occupants remained armed and dangerous, thereby warranting a wingspan search of the passenger compartment.

Officer Gresh further testified that they found a firearm under a sweatshirt, just behind Ortiz's rear seat of the vehicle. Officer Gresh described the Prius as a small vehicle in which the hatchback area was accessible from the passenger compartment and stated that a rear-seat occupant could have reached the firearm. Officer Gresh testified that Ortiz sat in the rear passenger seat and could have accessed the area where officers recovered the firearm, which fell within the scope of a wingspan search. The parties presented no additional witnesses.

On January 14, 2025, following the evidentiary hearing, the PCRA court issued an order and opinion denying Ortiz's PCRA petition. Thereafter, Ortiz

filed a timely notice of appeal. Both Ortiz and the PCRA court complied with Pa.R.A.P. 1925.

Ortiz raises the following issue for our review: "Whether the PCRA court erred and abused its discretion by concluding that police were justified in conducting a warrantless search of a vehicle under a reasonable suspicion standard in violation of [*Alexander*, 243 A.3d 177]?" Ortiz's Brief at 4 (unnecessary capitalization omitted).

In his sole issue on appeal, Ortiz argues that Trial Counsel was ineffective for failing to preserve for appellate review a challenge to the warrantless search of the vehicle pursuant to *Alexander*. Our standard of review from the denial of a PCRA petition

> . . . is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations and quotation marks omitted).

Where, as here, an appellant asserts that they received ineffective assistance of counsel, the following standards apply:

> To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 [1984]. Accordingly, to prove that counsel was ineffective, the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and

(3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must advance sufficient evidence to overcome this presumption.

We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (some citations and quotation marks omitted).

The quality of counsel's stewardship is based on the state of the law as it existed at the time of trial; counsel is not ineffective if he fails to predict future developments or changes in the law. *See Commonwealth v. Gribble*, 863 A.2d 455, 464 (Pa. 2004); *see also Commonwealth v. Hill*, 104 A.3d 1220, 1240 (Pa. 2014) (holding that "review of counsel's conduct cannot indulge 'the distorting effects of hindsight,' but instead, counsel's performance must be judged in the light of the circumstances as they would have appeared to counsel at the time"); *Commonwealth v. Spotz*, 896 A.2d 1191, 1238 (Pa. 2006) (holding that the effectiveness of counsel is examined under the standards existing at the time of performance).

As stated above, In **Alexander**, the Supreme Court overruled its decision in **Gary**, which permitted warrantless vehicle searches based solely on probable cause. The **Alexander** Court held that, under the Pennsylvania Constitution, police may conduct a warrantless search of a vehicle only when both probable cause and exigent circumstances are present. **See Alexander**, 243 A.3d at 207-08.

In addressing the applicability of **Alexander** over **Gary**, this Court has explained that although **Alexander** announced a new rule, it would apply retroactively on direct appeal if the defendant preserved the issue at all stages of adjudication. **See Commonwealth v. Grooms**, 247 A.3d 31, 37 n.8 (Pa. Super. 2021).

Additionally, this Court has addressed an exception to the general **Alexander** rule, pertaining to protective sweeps:[4]

> [I]n **Michigan v. Long**, 463 U.S. 1032. . . (1983), the United States Supreme Court applied the principles set forth in **Terry**[5] to a search of the passenger compartment of a vehicle for weapons. . . . The **Long** Court held that the "search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officers in believing that

_____

[4] We refer to this type of search, interchangeably, as a "protective sweep," a "protective search," or a "wingspan search." **See Muhammad**, 289 A.3d at 1092 ("protective sweep"); **see also Commonwealth v. Arrington**, 233 A.3d 910, 922-23 (Pa. Super. 2020) (Bowes, J. dissenting) ("wingspan search," "protective sweep" and "protective sweep").

[5] **See Terry v. Ohio**, 392 U.S. 1 (1968).

the suspect is dangerous and the suspect may gain immediate control of weapons." *Id*. at 1049. "The issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger."

*Commonwealth v. Muhammad*, 289 A.3d 1078, 1088 (Pa. Super. 2023) (some citations omitted).

Ortiz argues that the PCRA court erred in denying post-conviction relief because *Alexander*, which applied to his case because his case was not yet final when decided, reinstated the requirement that police establish both probable cause and exigent circumstances to justify a warrantless vehicle search. Ortiz asserts that no exigent circumstances existed because police had removed and restrained the occupants, secured the scene, and could have obtained a warrant. Ortiz also contends that the protective sweep doctrine did not apply because police recovered the firearm from the trunk, rather than the passenger compartment. Finally, Ortiz claims that Trial Counsel was ineffective for failing to preserve the suppression issue for appellate review and asserts, without further explanation, that he "was prejudiced by [this] failure." Ortiz's Brief at 10.

The PCRA court determined that Ortiz's issue lacked merit. The PCRA court reasoned:

> At the . . . PCRA hearing in the instant case, the Commonwealth presented evidence that on the morning of the search, at approximately 3:30 a.m., officers received a call that shots were fired from a black Prius occupied by at least two Hispanic males. An officer pulled over a Prius that was occupied by three Hispanic males. [Officer] Gresh testified that there was an odor of marijuana and alcohol coming from the car. The officers conducted

a search of the occupants of the vehicle. The driver had nothing incriminating on his person. The man in the [front] passenger seat possessed marijuana. [Ortiz] had been seated in the rear of the vehicle.

[Officer] Gresh testified that [Ortiz] had access to the area directly behind the rear seats, which is where police recovered a black Taurus handgun. The Superior Court's [direct appeal] memorandum "described the vehicle as having an 'open trunk' that is 'easily accessible from the rear seat' and stated that a person seated in that area could reach into the trunk." Because he would have released the men and issued a summons to the passenger who possessed marijuana, [Officer] Gresh testified that he would have conducted a wingspan search before allowing the men back into the vehicle even if [**Alexander**] had been decided at the time of the stop. Given the fact that shots were fired from a vehicle fitting the exact description of the vehicle [Ortiz] was seated in, [Officer] Gresh would have been reasonably warranted in believing that the occupants of the vehicle were dangerous and may gain immediate control of weapons. Accordingly, a wingspan search was permissible.

Because an independent basis existed for conducting the search of the vehicle, [Ortiz] is unable to demonstrate prejudice. Accordingly, [T]rial [C]ounsel was not ineffective for failing to challenge the search based upon our Supreme Court's holding in [**Alexander**]. In addition, the holding in [**Alexander**] did not in any way change the standard for conducting a wingspan search. . . .

PCRA Court Opinion, 3/4/25, 3-5 (unnecessary capitalization and some citations omitted).

Based on our review, we conclude that the PCRA court's determination is supported by the record and free from legal error. **See Sandusky**, 203 A.3d at 1043. We reject Ortiz's claim that prejudice resulted from Trial Counsel's action. As an initial matter, Ortiz presents no developed discussion explaining how he suffered prejudice. **See** Ortiz's Brief at 10 (asserting, in

sum, that Trial Counsel "was ineffective for failing to litigate this case in light of *Alexander* and [Ortiz] was prejudiced by that failure"). Since Ortiz fails to meaningfully develop the prejudice prong of his ineffectiveness claim, he has waived it, and on this basis alone we may affirm the denial of post-conviction relief. *See Johnson*, 139 A.3d at 1272.

Even if not waived, Ortiz's prejudice claim fails on the merits. Ortiz first argues, in a single conclusory sentence, that "[a]s the firearm [Ortiz] is charged with possessing was located in the trunk of the automobile, and not the passenger compartment, any protective sweep was invalid." Ortiz's Brief at 15. This assertion constitutes the entirety of Ortiz's argument on this issue. Notably, Ortiz does not acknowledge or address the PCRA court's extensive factual findings that the area in which the police recovered the firearm was open to the rear passenger compartment, that there was no barrier separating the spaces, and that a person seated where Ortiz had been sitting could easily reach into that area. *See* PCRA Court Opinion, 3/4/25, at 4–5.

Moreover, Ortiz does not challenge Officer Gresh's testimony at the PCRA hearing, which was consistent with his trial testimony and established the basis for justifying the protective sweep. Contrary to Ortiz's assertion, the mere fact that the police recovered the firearm from an area characterized as a "trunk" does not render a protective sweep invalid. Under *Terry* and *Long*, the relevant inquiry is whether officers reasonably believed that a suspect could gain immediate control of a weapon. *See Muhammad*, 289

A.3d at 1088. Here, the facts known to the police officers supported a belief that a limited protective wingspan search was permissible to ensure officer safety. *See Long*, 463 U.S. at 1049–50; *see also Muhammad*, 289 A.3d at 1088.

Ortiz next claims that the search was unlawful because no exigent circumstances existed after police removed and restrained the occupants. As stated above, *Alexander* requires that police establish both probable cause and exigent circumstances to justify a warrantless vehicle search. As explained in *Muhammad*, however, police may conduct a limited protective search of the passenger compartment of a vehicle when they possess reasonable suspicion that a suspect is armed and dangerous. *See Muhammad*, 289 A.3d at 1088 n.2. Under these circumstances, our law does not require exigent circumstances to justify a protective sweep under *Terry* and *Long*.

After review, we conclude the record supports the PCRA court's denial of relief. *See Sandusky*, 203 A.3d at 1043. Here, the record establishes that police possessed a reasonable belief, grounded in specific and articulable facts, that the occupants of the vehicle were dangerous and could gain immediate control of a weapon. Officers Minaya and Gresh responded to a report of shots fired from a vehicle that matched the description of the car in which Ortiz was seated, and they recovered the firearm from an area accessible from the rear passenger seat. Under these circumstances, a protective wingspan search of

- 13 -

the passenger compartment was permissible to ensure officer safety. *See Long*, 463 U.S. at 1049–50; *see also Muhammad*, 289 A.3d at 1088. Moreover, the temporary removal of the occupants from the vehicle did not invalidate the protective sweep, as the occupants could have reentered the vehicle and gained access to a weapon. *See Muhammad*, 289 A.3d at 1089. *Good*

Since an independent and constitutionally permissible basis supported the warrantless search, the underlying suppression claim lacks arguable merit. Consequently, Ortiz cannot establish prejudice, and Trial Counsel cannot be deemed ineffective for failing to preserve a meritless claim. *See Johnson*, 139 A.3d at 1272; *see also Spotz*, 896 A.2d 1191. Accordingly, the PCRA court did not err in denying Ortiz's petition for post-conviction relief.

Thus, we affirm the order denying Ortiz's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/21/2026